IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DARLENE G.,[1] | : | Case No. 3:20-cv-172 |
| Plaintiff, | : | |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | (by full consent of the parties) |
| | : | |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | : | |
| | : | |
| Defendant. | : | |

## DECISION AND ORDER

**I.      INTRODUCTION**

Plaintiff filed an application for Disability Insurance Benefits in September 2013. An Administrative Law Judge (ALJ) concluded that Plaintiff was not eligible for benefits because she was not under a "disability" as defined in the Social Security Act. After the Appeals Council denied Plaintiff's request for review of that decision, Plaintiff filed an action with this Court.[2] The Court remanded the case to the Commissioner. The Appeals Council remanded the case pursuant to the District Court's order. Another ALJ held a hearing pursuant to the remand order and again concluded that Plaintiff was not under a "disability" as defined in the Social Security Act. The Appeals Council denied Plaintiff's request for review of that decision. Plaintiff subsequently filed this action.

---

[1] *See* S.D. Ohio General Order 22-01 ("The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that due to significant privacy concerns in social security cases federal courts should refer to claimants only by their first names and last initials.").

[2] Assigned to Judge Walter H. Rice, Case Number 3:16-cv-00495.

Plaintiff seeks an order remanding this matter to the Commissioner for the award of benefits or, in the alternative, for further proceedings. The Commissioner asks the Court to affirm the non-disability decision. This matter is before the Court on Plaintiff's Statement of Errors (Doc. 9), the Commissioner's Memorandum in Opposition (Doc. 11), Plaintiff's Reply (Doc. 12), and the administrative record (Doc. 8).

## II. BACKGROUND

Plaintiff initially asserted that she has been under a disability since January 1, 2007. She subsequently amended the alleged disability onset date to January 9, 2009. (Doc. 8-2, PageID 62; Doc. 8-11, PageID 560.) As of the amended alleged disability onset date, Plaintiff was 55 years old and was considered a "person closely approaching advanced age" under Social Security Regulations. *See* 20 C.F.R. § 404.1563(d). She last met the insured status requirements on December 31, 2010, at which time she was 56 years old and was a "person of advanced age" under 20 C.F.R. § 404.1563(e). Plaintiff has a high school education. *See* 20 C.F.R. § 404.1564(b)(4).

The evidence in the administrative record is summarized in the ALJ's decision (Doc. 8-10, PageID 492, 495-504), Plaintiff's Statement of Errors (Doc. 9), the Commissioner's Memorandum in Opposition (Doc. 11), and Plaintiff's Reply (Doc. 12). Rather than repeat these summaries, the Court will discuss the pertinent evidence in its analysis below.

## III. STANDARD OF REVIEW

The Social Security Administration provides Disability Insurance Benefits to individuals who are under a "disability," among other eligibility requirements. *Bowen v.*

2

*City of New York,* 476 U.S. 467, 470 (1986); *see* 42 U.S.C. §§ 402, 423(a)(1), 1382(a). The term "disability" means "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which … has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 404.1505(a).

This Court's review of an ALJ's unfavorable decision is limited to two inquiries: "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Unless the ALJ has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence," this Court must affirm the ALJ's decision. *Emard v. Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020). Thus, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Id*.

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). This limited standard of review does not permit the Court to weigh the evidence and decide whether the preponderance of the evidence supports a different conclusion. Instead, the Court is confined to determining whether the ALJ's decision is supported by substantial evidence, which "means—and means only—'such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id*. (citation omitted).

The other line of judicial inquiry—reviewing the correctness of the ALJ's legal criteria—may result in reversal even when the record contains substantial evidence supporting the ALJ's factual findings. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[E]ven if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Id.* (citations omitted). Such an error of law will require reversal even if "the outcome on remand is unlikely to be different." *Cardew v. Comm'r of Soc. Sec.*, 896 F.3d 742, 746 (6th Cir. 2018) (internal quotations and citations omitted).

### IV. THE ALJ'S DECISION

As noted previously, the ALJ was tasked with evaluating the evidence related to Plaintiff's application for benefits. In doing so, the ALJ considered each of the five sequential steps set forth in the Social Security Regulations. *See* 20 C.F.R. § 404.1520. The ALJ made the following findings of fact:

> Step 1: Plaintiff did not engage in substantial gainful activity during the period from her amended alleged onset date of January 9, 2009, through her date last insured of December 31, 2010.
>
> Step 2: Through the date last insured, she had the severe impairments of "lumbar spine sprain and strain and left rotator cuff tear."
>
> Step 3: Through the date last insured, she did not have an impairment or combination of impairments that met or equaled the severity of one in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1.

4

> Step 4: Her residual functional capacity (RFC), or the most she could do despite her impairments, *see Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002), consisted of medium work as defined in 20 CFR 404.15679(c) subject to the following limitations: "(1) occasionally crawling; (2) never climbing ladders, ropes, or scaffolds; (3) no work around hazards such as unprotected heights or dangerous machinery; (4) occasional use of the left upper extremity for pushing, pulling, and overhead reaching."
>
> Through the date last insured, Plaintiff was capable of performing past relevant work as a housekeeping cleaner.

(Doc. 8, PageID 495-504.) These findings led the ALJ to conclude that Plaintiff does not meet the definition of disability and so is not entitled to benefits. (*Id.* at PageID 504.)

**V.    ANALYSIS**

Plaintiff asserts the ALJ erred in evaluating the medical source opinions and contends the ALJ's RFC finding is unsupported by substantial evidence. (Doc. 9.) Finding error in the ALJ's evaluation of the opinion evidence, the Court does not address Plaintiff's other alleged errors and, instead, instructs the ALJ to address all of them on remand.

    **A.    <u>Applicable Law</u>**

Because Plaintiff's claim was filed before March 27, 2017, the opinion evidence rules set forth in 20 C.F.R. § 404.1527 apply. These regulations require ALJs to adhere to certain standards when weighing medical opinions. First, the ALJ is required to consider and evaluate every medical opinion in the record. *See* 20 C.F.R. § 404.1527(b), (c). Further, "greater deference is generally given to the opinions of treating physicians than to those of non-treating physicians, commonly known as the treating physician rule."

5

*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (citations omitted). The regulations define a "treating source" as a claimant's "own acceptable medical source who provides…medical treatment or evaluation and who has…an ongoing treatment relationship" with a claimant. 20 C.F.R. § 404.1527(a)(1). The "treating physician" rule is straightforward: "Treating-source opinions must be given 'controlling weight' if two conditions are met: (1) the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques"; and (2) the opinion "is not inconsistent with the other substantial evidence in [the] case record.'" *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013) (quoting in part 20 C.F.R. § 404.1527(c)(2)); *see Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 723 (6th Cir. 2014).

If the treating physician's opinion is not controlling, "the ALJ, in determining how much weight is appropriate, must consider a host of factors, including the length, frequency, nature, and extent of the treatment relationship; the supportability and consistency of the physician's conclusions; the specialization of the physician; and any other relevant factors." *Rogers*, 486 F.3d at 242 (citing *Wilson v. Comm'r of Soc. Sec,* 378 F.3d 541, 544 (6th Cir. 2004)).

"Separate from the treating physician rule, but closely related, is the requirement that the ALJ 'always give good reasons' for the weight ascribed to a treating-source opinion." *Hargett v. Comm'r of Soc. Sec.*, 964 F.3d 546, 552 (6th Cir. 2020) (citing 20 C.F.R. § 404.1527(c)(2); other citation omitted)); *see Wilson*, 378 F.3d at 544. This mandatory "good reasons" requirement is satisfied when the ALJ provides "specific reasons for the weight placed on a treating source's medical opinions." (*Hargett*, 964

6

F.3d at 552) (quoting SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996))[3]. The goal is to make clear to any subsequent reviewer the weight given and the reasons for giving that weight. (*Id.*) Substantial evidence must support the reasons provided by the ALJ. (*Id.*)

As for medical opinions from sources that are not "treating sources" as defined in 20 C.F.R. § 404.1527(a)(1), the ALJ must consider the following factors set forth for the evaluation of medical opinions: examining relationship; treatment relationship; supportability; consistency; specialization; and other factors. 20 C.F.R. § 404.1527(c).

The Social Security regulations, rulings, and Sixth Circuit precedent charge the ALJ with the final responsibility for determining a claimant's RFC. *See, e.g.*, 20 C.F.R. § 404.1527(d)(2) (the final responsibility for deciding the RFC "is reserved to the Commissioner."). Moreover, the Social Security Act and agency regulations require an ALJ to determine a claimant's RFC based on the evidence as a whole. 42 U.S.C. § 423(d)(5)(B); 20 C.F.R. § 404.1520(a)(4)(iv) ("the administrative law judge . . . is responsible for assessing your [RFC]"). The ALJ's RFC assessment must be "based on all of the relevant evidence in the case record, including information about the individual's symptoms and any 'medical source statements' -- i.e., opinions about what the individual can still do despite his or her impairment(s)-- submitted by an individual's treating source or other acceptable medical sources." *Id.* (footnote omitted).

---

[3] SSR 96-2p has been rescinded. However, this rescission is effective only for claims filed on or after March 27, 2017. See SSR 96-2p, 2017 WL 3928298 at *1. Because Plaintiff filed her application for benefits prior to March 27, 2017, SSR 96-2p still applies in this case.

B.    **Dr. Kennington**

Rohn Kennington, M.D. performed a consultative physical examination on February 6, 2014. (Doc. 8-7, PageID 432-39.) According to Dr. Kennington, the physical examination showed tenderness at the right shoulder and at both hips and knees, but with no swelling or deformity. (*Id.* at 434.) Plaintiff was able to ambulate with a normal gait and transfer from sitting to standing without difficulty. (*Id.*) She exhibited full muscle strength, normal range of motion, normal straight leg raising, and normal fine motor coordination. (*Id.* at 434, 436-39.) Dr. Kennington opined that Plaintiff was "incapable of any moderate or heavy lifting, carrying, pushing, or pulling" but that she could "still perform light lifting, carrying, pushing, or pulling." (*Id.* at 435.) He opined that standing and walking "would need to be limited to periods of time of no more than 30 minutes at a time with adequate periods allowed for rest and change of position." (*Id.*) According to Dr. Kennington, Plaintiff's abilities for sitting, handling objects, hearing, speaking, and traveling were "unaffected." (*Id.*)

The ALJ gave "some weight" to the objective findings documented by Dr. Kennington and concluded that these findings were reasonably consistent with other objective evidence of record. (Doc. 8-10, PageID 500.) The ALJ gave "partial weight" to Dr. Kennington's opinion that Plaintiff could stand/walk no more than 30 minutes at one time. (*Id.*). The ALJ reasoned that this restriction was unsupported "by a preponderance of the evidence, including Dr. Kennington's own examination findings." (*Id.*) As Plaintiff points out, the ALJ did not specifically explain the weight given to Dr. Kennington's opinion that Plaintiff was "incapable of any moderate or heavy lifting, carrying, pushing,

8

or pulling" but that she was capable of "light lifting, carrying, pushing, or pulling." (Doc. 8-7, PageID 435.) Yet the ALJ limited Plaintiff to medium work in the RFC, which conflicts with Dr. Kennington's opinion.

Section 404.1527(a)(1) of Title 20 of the Code of Federal Regulations defines "medical opinions" as "statements from acceptable medical sources that reflect judgments about the nature and severity" of a claimant's impairments, including "symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions." The regulations require ALJs to consider and evaluate *every* medical opinion in the record, regardless of its source. 20 C.F.R. § 404.1527(c) (emphasis added). Further, if the RFC assessment conflicts with an opinion from a medical source, "the adjudicator must explain why the opinion was not adopted." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996).

The ALJ committed reversible error in the analysis of Dr. Kennington's opinion. As discussed above, the regulations require ALJs to consider and evaluate *every* medical opinion in the record, regardless of its source. 20 C.F.R. § 404.1527(c) (emphasis added). The ALJ vaguely gave "some weight" to Dr. Kennington's opinion and distinguished only the standing/walking limitation in his opinion, thereby implying that the ALJ gave "some weight" to the light-level lifting limitation. But the ALJ did not adopt this portion of Dr. Kennington's opinion in the RFC. Instead, the ALJ found Plaintiff can perform medium-level lifting, but the ALJ offered no explanation for the conflicting limitation.

In support of the ALJ's conclusions, Defendant contends: "Clearly, the ALJ rejected this opinion to the extent that it pertained to the relevant period, as he found that

9

Plaintiff could perform medium work during the relevant period." (Doc. 11, PageID 1203.) This argument is not persuasive. The clarity of the ALJ's rejection of the opinion is not at issue; the relevant issue is whether the ALJ adequately explained the reasons for doing so. The ALJ did not, as he provided no explanation for the conflict between Dr. Kennington's lifting limitation and the lifting limitation in the RFC. The ALJ's failure to adopt the entirety of Dr. Kennington's opinion, without explaining why, constitutes an error of law warranting reversal.

### C. Doctor's Urgent Care

Plaintiff presented to Doctor's Urgent Care on January 13, 2006, for complaints of left shoulder and back pain. (Doc. 8-7, PageID 290.) The examining physician completed a Report of Work Ability Form at that time and opined Plaintiff was limited to lifting/carrying no more than 10 pounds. (*Id.* at PageID 291). She also indicated that Plaintiff was unable to use her left arm. (*Id.*) The physician further opined that Plaintiff could return to work with these restrictions from January 13, 2006, to January 16, 2006. (*Id.*) Plaintiff returned to Doctor's Urgent Care for a recheck of her injuries on January 16, 2006. (Doc. 8, PageID 288, 295.) The examining physician completed another Report of Work Ability Form and indicated the same limitations as the prior form, although she did not indicate a return-to-work date. (*Id.*, 289, 293.) The ALJ did not acknowledge or evaluate these opinions in the decision. (Doc. 8-10.)

As discussed above, the regulations require the ALJ to consider and evaluate *every* medical opinion in the record, regardless of its source. 20 C.F.R. § 404.1527(c) (emphasis added). The ALJ's failure to evaluate the opinions from the Doctor's Urgent

10

Care Office physicians is a legal error. Further, the limitations suggested by these physicians contradict the RFC. The limitations for lifting up to ten pounds and no use of the left arm are more restrictive than the RFC limitations for medium-level lifting and occasional use of the left arm for pushing, pulling, and overhead reaching. (*Compare* Doc. 8-10, PageID 498 *with* Doc. 8-7, PageID 291, 289, 293.) This is another reason why the ALJ should have explained the weight afforded to this opinion. Accordingly, the ALJ's failure to evaluate these opinions in accordance with the applicable Social Security regulations constitutes reversible error.

## VI.  CONCLUSION

The ALJ committed reversible error by inadequately explaining the weight assigned to Dr. Kennington's opinion and by failing to evaluate the opinions from the Doctor's Urgent Care physicians. Accordingly, reversal is warranted.

## VII.  REMAND

A remand is appropriate when the ALJ's decision is unsupported by substantial evidence or when the ALJ failed to follow the Administration's own regulations and that shortcoming prejudiced the plaintiff on the merits or deprived the plaintiff of a substantial right. *Bowen*, 478 F.3d at 746. Remand may be warranted when the ALJ failed to provide "good reasons" for rejecting a treating medical source's opinions, *see Wilson*, 378 F.3d at 545-47; failed to consider certain evidence, such as a treating source's opinions, *see Bowen*, 478 F.3d at 747-50; failed to consider the combined effect of the plaintiff's impairments, *see Gentry*, 741 F.3d at 725-26; or failed to provide specific reasons

11

supported by substantial evidence for finding that the plaintiff lacks credibility, *see Rogers*, 486 F.3d at 249.

Under Sentence Four of 42 U.S.C. § 405(g), the Court has authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." *Melkonyan v. Sullivan*, 501 U.S. 89, 99 (1991). Consequently, a remand under Sentence Four may result in the need for further proceedings or an immediate award of benefits. *E.g., Blakley*, 581 F.3d at 410; *Felisky v. Bowen*, 35 F.3d 1027, 1041 (6th Cir. 1994). The latter is warranted where the evidence of disability is overwhelming or where the evidence of disability is strong while contrary evidence is lacking. *Faucher v. Sec'y of Health & Human Servs.,* 17 F.3d 171, 176 (6th Cir. 1994).

A judicial award of benefits is unwarranted in the present case because the evidence of disability is neither overwhelming nor strong while contrary evidence is lacking. *Faucher*, 17 F.3d at 176. However, Plaintiff is entitled to an Order remanding this case to the Social Security Administration pursuant to Sentence Four of Section 405(g) for the reasons stated above. On remand, the ALJ should evaluate the evidence of record under the applicable legal criteria mandated by the Commissioner's regulations and rulings and governing case law. The ALJ should evaluate Plaintiff's disability claim under the required five-step sequential analysis to determine anew whether Plaintiff was under a disability and whether his application for Disability Insurance Benefits should be granted.

**IT IS THEREFORE ORDERED THAT**:

    1.    Plaintiff's Statement of Errors (Doc. 9) is GRANTED;

2. The Court REVERSES the Commissioner's non-disability determination;

3. No finding is made as to whether Plaintiff was under a "disability" within the meaning of the Social Security Act;

4. This matter is REMANDED to the Social Security Administration under Sentence Four of 42 U.S.C. § 405(g) for further consideration consistent with this Decision and Order; and

5. This case is terminated on the Court's docket.

*/s/ Caroline H. Gentry*
Caroline H. Gentry
United States Magistrate Judge